The question in this case is whether the lessees are bound to perform their covenant, namely, to leave all such buildings on the lot as they should erect on it during the term in good repair at the expiration of the term; and whether they may be discharged from this covenant by an inevitable accident, intervening before the expiration of the lease, which wholly destroyed the buildings. It is a doctrine laid down in all the books on this subject that all persons are bound to perform their covenants voluntarily entered into, under all circumstances. *Page 330 
The distinction appears to be that where a duty is imposed by implication of law, the nonperformance is excused by inevitable accident — if by a voluntary and express covenant for a valuable consideration it is otherwise; because if it was intended that the lessees should avail themselves of such excuse, it would have been excepted in the contract, as is usual. Com., 627; Dyer, 332; Alleyne, 26; 1 Fonblanque, cases referred to in notes, 361 to 366.
This is the general doctrine; but this is a much stronger case than any stated in any of the books; for here the houses erected on the ground previous to fixing the time for which the lease should continue, were valued at £ 400; and it was at the same time considered that the use of the ground for seven years was equivalent to their value. The lessees have had the use of the land for seven years; it is therefore, in my judgment, equitable that they should fulfill their part of the contract, either by leaving the buildings which had been erected in repair at the end of the term, or paying the plaintiff so much as well enable to erect similar buildings.
With respect to the question against whom shall the plaintiff have redress — whether against the lessee or assignee — I am of opinion that the lessor has his remedy against the lessees in the first instance, as the assignment was not made with his consent or approbation, but is not precluded from proceeding against the assignee at his election.